IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In Re:	)
	)
ARNOLD BROTHERS FOREST	)
PRODUCTS, INC.	)	Case No.  24-80319
	)	Chapter 11
         Debtor-in-Possession.	)

## ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

On the date set forth above, the Motion For Entry of Interim Order Granting the Use of Cash Collateral came on for hearing.  The Court finds as follows:

1. Arnold Brothers, filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on April 30, 2024, and since that date has continued in possession of its property and operation of its business as Debtor-in-Possession.

2. Arnold Brothers, operates a cooking wood business with over the road hauling utilizing tractors and trailers.

1

3. Arnold Brothers, believes the following is a list of those that hold mortgages or secured debts on property of Arnold Brothers:

4. <u>Secured Creditors Affected by Debtor's Proposed Use of Cash Collateral and the Proposed Adequate Protection for Each Secured Creditors is as Follows in Order of Priority of UCC Filings or Date Debt Was Incurred:</u>

| **Arnold Brothers Forest Products, Inc.** |
|---|---|---|---|---|
| **Summary of Secured Creditors** |
| **Date Incurred** | **Name of Creditor** | **Amount Owed** | **Description of Collateral** | **Proposed Adequate Protection** |
| 8/11/2016 | Ameristate Bank | | UCC-20160811020838880 UC1 All inventory; whether any of the foregoing in owned now or acquired later; all additions, replacements, and substitutions relating to any of the foregoing, all records of any kind relating to any of the foregoing. | Replacement Lien, no adequate protection payments, to be paid through the Plan. |
| 08/11/2016 | Ameristate Bank | | UCC – 20160811020838910 UC1 All accounts, whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing. | Replacement Lien, no adequate protection payments, to be paid through the Plan. |
| 08/15/2016 | Ameristate Bank | | UCC-20160815020850100 UC1 | |

|  |  |  |  |  |
|--|--|--|--|--|
|  |  |  | All chattel paper; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and accounts proceeds); including but not limited to: 40x80 Shed; 2 smith bank resaws; end trimmer; chamfer machine; 12x40 shed; unscrambler; cut up line; brewer gang saw; 30x60 shed; triple pass dryer; hopper; blower; bagger; 40x80 building; bliss hammer mill & electrical hopper-conveyor to mill; blower & cyclone; hopper, conveyor & auger; 60x80 wood bundle building; infeed hopper, conveyers; B&B bundler; Dorell Bundler; 30x60 sawmill shed; Edmiston Mill; 11-edger; chop saw;60x80 Slab-Cord |  |

| | | | King Wood Processor; 2 cord king firewood processors; 3 conveyors. | |
|---|---|---|---|---|
| 9/27/2018 | CHTD | | UCC-20180927021002410 UC1 Present and future accounts, receivable, chattel paper, deposit accounts, personal property, assets and fixtures, general intangibles, instruments, equipment and inventory, wherever located, and with respect to these items, all proceeds now or hereafter owned or acquired by you | Lien expired without a continuation lien. No adequate protection required. |
| 5/26/2020 | Small Business Administration | | Instruments, including promissory notes (d) chattel paper, including tangible chattel paper, € documents, (f) letter of credit rights, (g) accounts, including health-care insurance receivable and credit card receivable, (h) deposit accounts, (i) commercial tort claims, (j) general intangibles, including payment intangibles and software and (K0 as-extracted collateral as such terms may from time to time be defined in | Replacement Lien, no adequate protection payments, to be paid through the Plan. |

| | | | the UCC. The security interest the Borrower grants includes all accessions, attachments, accessories, parts, supplies and replacements for the Collateral, all products, proceeds and collections thereof and all records and data relating thereto. | |
|---|---|---|---|---|
| 02/19/2021 | Ameristate Bank | | Continuation UCC 2021021902015179 for UCC-20160815020850100 UC1 | Replacement Lien, no adequate protection payments, to be paid through the Plan. |
| 02/19/2021 | Ameristate Bank | | Continuation UCC 2021021902015170 for UCC-20160811020838880 UC1 | Replacement Lien, no adequate protection payments, to be paid through the Plan. |
| 02/19/2021 | Ameristate Bank | | Continuation UCC 2021021902015162 for UCC-20160811020838910 UC1 | Replacement Lien, no adequate protection payments, to be paid through the Plan. |
| 12/08/2021 | CSC | | Security interest in and to all of Merchant's present and future accounts, chattel paper, deposit accounts, personal property, assets and fixtures general intangibles, instruments, | Replacement Lien, no adequate protection payments, to be paid through the Plan. |

| | | | equipment, inventory wherever located, and proceeds now or hereafter owned or acquired by Merchant. | |
|---|---|---|---|---|
| 08/08/2022 | Frost Bank | $40,000 | UCC – Texas Lien Purchase money security interest one (1) 2019 John Deere 318G Skid Steer – 1T0318GKJJJ341040 Monthly payment of $962.19. | Replacement lien. Debtor is current and proposes to pay $962.19 pursuant to the contractual terms of the Secured Creditor. |
| 09/16/2022 | Meridian Equipment Finance, LLC | $65,000 | UCC-20220916020977861-HP DL360 – G10 10 Bay Server – Computer Router | Replacement Lien, no adequate protection payments, to be paid through the Plan. |
| 10/11/2023 | CT Corporation | | All Bank accounts, income, and accounts receivable | Replacement Lien, no adequate protection payments, to be paid through the Plan. |

5. Debtor-in-Possession has a need to use cash collateral on an expedited interim basis as well as on a permanent basis.

6. Given the urgent need for the immediate use of cash collateral, Debtor-in-Possession requests the Court enter the attached Order as an Interim order. A final order authorizing the use of cash collateral shall be filed providing proper and additional notice.

7. Debtor-in-Possession requires funds to pay post-petition insurance, utilities, repair and maintenance expenses.

8. Without authorization to use cash collateral, Debtor-in-Possession business operations would cease, causing immediate and irreparable harm to the Debtor-in-Possession, creditors and the bankruptcy estate.

9. Debtor-in-Possession anticipates there will be a positive cash flow to make these payments

10. Notice and opportunity for hearing have been given to the extent required for entry of this Order.

11. The terms and conditions of the use of Cash Collateral are fair and reasonable under the circumstances, and enforceable pursuant to their terms.

12. Debtor is allowed to use cash collateral in the ordinary course of its business.

13. Debtor contends that it is necessary to use cash collateral in order to continue business operations. Debtor requires funds to pay insurance, utilities, payroll and related expenses, repairs and maintenance expenses, and other ordinary expenses in order to continue present operations and to maintain and preserve the bankruptcy estate. Without authorization to use cash collateral, the continued operation of business would cease, employees would quit, causing immediate and irreparable harm to Debtor, Debtor's creditors and the bankruptcy estate.

14. Debtor's use of cash collateral is in the best interest of creditors of the estate.

**IT IS THEREFORE ORDERED** that Debtor is authorized to use cash collateral for the payment of the operating expenses to continue present operations of the business and to maintain and preserve the bankruptcy estate.

**IT IS FURTHER ORDERED** that Debtor shall continue to maintain insurance with respect to the property of the estate.

**IT IS FURTHER ORDERED** that this Order is not deemed, and shall not constitute, a waiver of any and all rights, claims or defenses of the parties.

MOVANT TO NOTIFY ALL INTERESTED PARTIES.

# # #